# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TED A. McCRACKEN,  :
    Plaintiff,  :
      :
v.  :    CIVIL ACTION NO. 19-CV-1860
      :
ROBERT EVANCHICK, *et al.*,  :
    Defendants.  :

## MEMORANDUM

**ROBRENO, J.**                                                                                          MAY 6th , 2019

*Pro se* Plaintiff Ted McCracken has filed a civil rights Complaint and a Motion to Proceed *In Forma Pauperis* seeking money damages and injunctive relief declaring that he is not subject to registration as a sex offender in Pennsylvania. The Defendants are Robert Evanchick, the acting commissioner of the Pennsylvania State Police ("PSP"), Sergeant O.E. Rowles, commander of the PSP's Megan's Law Section, and John and Jane Doe PSP employees in the Megan's Law Section. All Defendants are sued in their personal and official capacities. Because it appears that McCracken is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. The Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

McCracken, age 65, alleges that he was convicted of a sex offense in New York in 1977. (ECF No. 2 at 5,6.)[1] He was released from incarceration in 1995. (*Id.* at 6.) He has regularly registered with the PSP as a sex offender under Pennsylvania's versions of Megan's Law. (*Id.* at 5.) He asserts that in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Pennsylvania

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Supreme Court's determined that the version of Megan's Law in effect at the time of the decision violated the *ex post facto* clause of the Pennsylvania Constitution. (ECF No. 2 at 5.) Thereafter the Pennsylvania Legislature enacted 42 Pa. Con. Stat. § 9799.51, reimposing registration requirements on individuals convicted in Pennsylvania of sexually violent offenses committed on or after April 22, 1996, but before December 20, 2012. (*Id.*)

McCracken asserts that the PSP has placed him on its Megan's Law website as an "out-of-state" offender. (*Id.*) He contends that, despite the decision in *Muniz*, the PSP continues to impose registration requirements on him. (*Id.* at 6.) Specifically, Defendant Rowles sent him a letter dated March 16, 2018, informing him that he was required to appear annually for verification and would be subject to prosecution if he failed to comply. (*Id.* at 6; *see also id.* at 11 (March 16, 2018 Letter). McCracken avers that the Defendants' actions constitute violations of the equal protection clause of the Fourteenth Amendment, the *ex post facto* clause of the Art. 1, Section 10, the cruel and unusual punishment clause of the Eighth Amendment, and Articles 1 and 13 of the Pennsylvania Constitution. (*Id.* at 8-9.) He seeks a declaratory judgment that Defendants may not impose registration requirements on him, an injunction forcing them to remove him from the Megan's Law registry and ceasing to impose registration requirements on him, and compensatory and punitive damages. (*Id.* at 9.)

## II.   STANDARD OF REVIEW

The Court will grant McCracken leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

## II. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The official capacity claims against the Defendants will be dismissed with prejudice to the extent that McCracken seeks money damages. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. *See* 42 Pa. Cons. Stat. § 8521-22. However, state officials sued in their individual capacities are

"persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.* The Eleventh Amendment also does not generally bar prospective declaratory or injunctive relief. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

Accordingly, any claim for monetary damages against the Defendants in their official capacities are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because any attempt to amend those claims would be futile, they are dismissed with prejudice. An appropriate order follows.